IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL ACTION |
| v. | : | |
| WARREN ARSAD | : | NO. 08-701 |

**MEMORANDUM**

PRATTER, J.                                                                  DECEMBER 23, 2008

On November 19, 2008, Petitioner Warren Arsad filed a *pro se* petition to remove his state criminal proceedings to this Court. The Court has reviewed his petition and, for the reasons set forth below, will remand this action to Pennsylvania state court.[1]

**FACTS AND PROCEDURAL BACKGROUND**

According to his petition, Mr. Arsad was arrested for a probation violation on December 31, 2004. (Pet. ¶¶ 11-12.) The precise facts of the situation are unclear from the petition, but suffice it to say that Mr. Arsad claims that the police "got the wrong man" when they arrested him and that, in order to cover up this mistake, numerous officers have lied and contradicted each other in testimony and police reports. (See, generally, Pet.) Likewise, according to Mr. Arsad, the district attorney and trial court have disregarded these fabrications and delayed Mr. Arsad's proceedings to cover for the police and to coerce Mr. Arsad into entering a plea. (See Pet. ¶¶ 26-

---

[1] Because the Court remands this action to state court, the Court need not address Mr. Arsad's Motion to Have Counsel Appointed (Docket No. 2) and will dismiss the motion as moot.

27.) He now attempts to remove his case to this Court, alleging that his constitutional rights have been violated and that "the potential for bias, impropriety, vindictive [sic], and obstreperous vexatious actions. [sic] [b]y the Commonwealth of Pennsylvania is highly probable." (See Pet. ¶ 9.)

On November 19, 2008, Mr. Arsad filed this petition for removal, citing 28 U.S.C. § 1442 as grounds for this Court's jurisdiction.

**LEGAL STANDARD**

A federal district court must examine promptly the notice of removal of a criminal case. 28 U.S.C. § 1446(c)(5). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

**DISCUSSION**

"All federal courts, other than the Supreme Court, derive their jurisdiction wholly from the exercise of the authority to 'ordain and establish' inferior courts, conferred on Congress by Article III, § a of the Constitution." Lockerty v. Phillips, 319 U.S. 182, 187 (1943). Accordingly, removal jurisdiction is statutory. No federal court may construe statutes granting jurisdiction any broader than their language allows. Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971). Accordingly, this Court could not allow Petitioner Arsad to remove his action to federal court without specific statutory authority to do so.

Mr. Arsad cites 28 U.S.C. § 1442 as grounds for removal. Section 1442 provides for the removal of state proceedings in limited circumstances, as follows:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
>
> (3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties;
>
> (4) Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442.  Nowhere in his petition does Mr. Arsad allege that he is an officer of the federal government or of any agency, court, or other body associated with the United States government, let alone that his state criminal action is related to the discharge of official duties. He cannot, then, remove his state criminal action to federal court on the basis of § 1442.

Because Mr. Arsad is a *pro se* Petitioner, his allegations will be construed liberally.  It is possible that rather than § 1442, Mr. Arsad meant to cite to the subsequent section, § 1443, which reads:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (1).

The Supreme Court has held that:

a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality....Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.

Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citations omitted).

Although Mr. Arsad alleges violations of his rights to due process and a speedy trial, he does not allege anywhere in his complaint that the violation of those rights has anything to do with his race. Therefore, § 1443(1) provides no basis for this Court's proposed exercise of subject matter jurisdiction.[2] See also Commonwealth of Pennsylvania v. Mu-El, Criminal No. 08-CR-639, 2008 WL 5146604, at *1 (E.D. Pa. Dec. 5, 2008) (ordering summary remand of state criminal action after finding it "impossible to interpret the [petitioner's notice of removal] as satisfying the jurisdictional standard set forth in 28 U.S.C. § 1443(1)"); In re Weddington, Criminal Action No. 08-62, 2008 WL 686381, at *2 (E.D. Pa. Mar. 12, 2008) (granting

---

[2] In addition, 28 U.S.C. § 1443(2) is unavailing to Petitioner Arsad inasmuch as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966). Accordingly, §1443(2), like § 1442, does not grant a right to removal to individuals such as Petitioner Arsad who are not federal officers or agents.

Moreover, even if §1442 or § 1443 provided a basis for this Court's exercise of subject matter jurisdiction, Mr. Arsad failed to comply with the timing requirements set forth in 28 U.S.C. §1446 which dictate that a "notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier...." Although Mr. Arsad does not clearly state the date of his arraignment in his petition, Mr. Arsad refers to hearings in the case and scheduled trial dates (albeit cancelled trial dates) for 2007 (see, e.g., Pet. ¶ 39, 40), which reveal that his arraignment must have occurred well more than thirty days prior to the date on which he filed this petition.

Commonwealth's motion for reconsideration and dismissing removal petition for lack of jurisdiction under 28 U.S.C. § 1443).

**CONCLUSION**

The filings in this matter demonstrate that removal of this criminal prosecution is not permitted under § 1442 or any other federal statute. Accordingly, Mr. Arsad's Petition is denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE COMMONWEALTH OF PENNSYLVANIA | : : : : | CRIMINAL ACTION |
| v. | : : : | |
| WARREN ARSAD | : : : | NO. 08-701 |

## ORDER

**AND NOW**, this 23rd day of December 2008, upon consideration of Petitioner Warren Arsad's Petition to Remove Commonwealth of Pennsylvania, Case # CP-0502-0517 from State Jurisdiction, into the Federal District Court Under 28 U.S.C. § 1442 (Docket No. 1), it is hereby **ORDERED** that:

1. Petitioner Warren Arsad's Petition to Remove (Docket No. 1) is **DENIED**.

2. Petitioner Warren Arsad's Motion to Have Counsel Appointed (Docket No. 2) is **DENIED** as moot.

The Clerk of Court is instructed to mark this case CLOSED for all purposes, including statistics.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

-6-